UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

IRVING LUGO COLINA,

                Petitioner,              Case No. 1:26-cv-784

v.                                    HON. ROBERT J. JONKER

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1).  For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.8; 2025 Form I-213, ECF No. 4-2, PageID.46.) On October 30, 2019, Petitioner voluntarily departed the United States under an order of removal. (2022 Form I-871, ECF No. 4-1, PageID.44.) On January 13, 2022, Petitioner unlawfully reentered the United States. (2025 Form I-213, ECF No. 4-2, PageID.47–48.) Department of Homeland Security (DHS) agents encountered Petitioner that day and processed him as a "Reinstatement." (*Id.*, PageID.48.) Petitioner was then apparently released into the United States. On December 18, 2025, Petitioner was arrested and detained at an ICE check-in appointment. (*Id.*)

On January 20, 2026, Petitioner filed his first petition for a writ of habeas under 28 U.S.C. § 2241 challenging his detention without a bond hearing in *Lugo Colina v. Raycraft (Lugo Colina I)*, No. 1:26-cv-205 (W.D. Mich.). In *Lugo Colina I*, the Court denied Petitioner's § 2241 petition because Petitioner has a final order of removal, is subject to mandatory detention under § 1231, and both the 90-day removal period, and the "presumptively reasonable" six-month period after the removal period, had not expired. Op. & Jud., *Lugo Colina I*, (W.D. Mich. March 2, 2026), (ECF Nos., 8, 9).

In Petitioner's second § 2241 petition, he challenges the lawfulness of his current detention and asks the Court to, among other things, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner.  (Pet., ECF No. 1, PageID.21–22). In an order entered on March 12, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted.  (Order, ECF No. 3).  Respondents filed their response (ECF No. 4) on March 17, 2026.

## HABEAS CORPUS LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States."  This includes challenges by non-citizens in immigration-related matters.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001);  *see also A. A. R. P. v. Trump*, 605 U.S. 91, 94 (2025).

**DISCUSSION**

The parties agree that Petitioner is subject to a final order of removal. As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's continued detention for purposes of removal is authorized by *Zadvydas*.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take a person who has been ordered removed. 533 U.S. at 682. In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal." *Id.* at 699. Therefore, the Court concluded that for post-removal-order detention to be authorized by the statute, the removal itself must be reasonably foreseeable. *Id.* The Court indicated that this inquiry would vary from case to case and that there was no specific point in time at which the detention became constitutionally impermissible. *Id.* Still, to assist the lower courts in making the difficult judgment calls about when the detention was no longer authorized by the statute, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. Even after six months

3

has passed, though, the Court made clear that the alien may continue to be held unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon. *Id.* Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner's detention is plainly reasonable. As the Respondents indicate, Petitioner has been detained since December 18, 2025, and Petitioner's 90-day removal period only recently expired on March 18, 2026. At this point, then, he has remained in detention for roughly 3-and-a-half months—which is well within *Zavydas*'s "presumptively reasonable period of detention." 533 U.S. at 701. Petitioner has not offered any other evidence indicating "that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* In fact, the Respondents indicate that "ICE submitted a travel documents request, which remains pending." (ECF No. 4, PageID.41). Petitioner has not shown that his circumstances have changed in any material way in the 8 days between the Court's dismissal of his first habeas petition on March 2, 2026 and when he filed his second petition on March 10, 2026. Thus, at this point in time, Petitioner is not in the state of "indefinite, perhaps permanent, detention" that the Court in *Zadvydas* said would violate the constitution. [1] *Zadvydas*, 533 U.S. at 699; *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir.

---

[1] The only exception to removal after reinstatement of a prior order is if the noncitizen requests withholding of removal "by expressing a fear of returning to the country designated in that order." *See* 8 C.F.R. §

4

2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once Petitioner's appeals were concluded).

The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701. Courts applying this principle recognize that even where the Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention. *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is no longer likely).

Here, however, the Court is not yet faced with that situation. Petitioner's three-and-a-half-month detention, while the government actively pursues removal, is not unreasonable. At this point, it seems to the Court that Petitioner's removal remains significantly likely in the reasonably foreseeable future. Accordingly, Petitioner's second petition, like his first one, will be denied without prejudice. Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable.

---

241.8(e). In such a case, the noncitizen "shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter." *Id.* The Form I-213 provided by Respondents indicates that Petitioner expressed a fear of returning to Venezuela. (2025 Form I-213, ECF No. 4-2, PageID.48.) But Respondents have the right to detain Petitioner even if he is seeking withholding of removal. In *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021), the Supreme Court "was asked to decide which of two provisions [8 U.S.C. § 1226 and 8 U.S.C. § 1231] applies to aliens who were removed from the United States but later reentered without authorization, were subject to reinstated orders of removal, and then sought withholding of removal based on fear of persecution in the particular countries designated by their removal orders." *See id.* at 526. The Supreme Court concluded that "§ 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal." *Id.* Therefore, Petitioner is not entitled to a bond hearing while he pursues withholding of removal. *See id*.

## CONCLUSION

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   April 9, 2026                          /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge